# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

TERRY JONES                                                                         PLAINTIFF

v.                                                               CIVIL ACTION NO. 3:10CV-P61-S

JAILER ALLEN SHREWSBURY et al.                                     DEFENDANTS

## MEMORANDUM OPINION

Plaintiff, Terry Jones, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed in part and allowed to proceed in part.

## I. SUMMARY OF CLAIMS

Plaintiff is a pretrial detainee at the Breckinridge County Jail. He sues in their individual and official capacities the following employees of the Breckinridge County Jail: Jailer Allen Shrewsbury, Major Dale Cornatzer, Lt. Johnnie Wheatley, Dr. Bernard Daily, and Deputy Jailer William Reed. He states that from January 8 to January 14, 2010, he was on lockdown and that on January 10, 2010, Defendant Wheatley directed Defendant Reed to strip search Plaintiff because Lt. Wheatley smelled smoke. He also asserts that while he was on lockdown he asked for a stamped envelope out of his property so that he could make a complaint to send to his attorney about the Breckinridge County Jail, but he was denied. He also states that he asked to make a phone call to his attorney but was denied which hindered his ability to make a complaint against the Breckinridge County Jail. He also states that he asked to have his mail everyday from January 8th to the 14th but was denied.

Plaintiff also alleges that he has had to use the same spoon since October 2009 without it

being sent to the kitchen to be washed at 180 degrees. He states that he has been throwing up and having diarrhea as a result of bacteria on the spoon.

Plaintiff further states that in February 2010 his medication was cut in half to wean him off of oxycotin even though the label states to take the medication whole. He further alleges: "they wouldn't let me continue to take my medication, pain oxycodone, nerve xanax, taken off depression zoloft, because I was sick one morning and didn't take my meds that the guards pass out and found them on the box." As relief, Plaintiff wants monetary and punitive damages.

## II. <u>ANALYSIS</u>

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### A.    Official-capacity claims

Plaintiff sues each Defendant in his official capacity. If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought

against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, Plaintiff's claims against the employees of Breckinridge County Jail in their official capacities are actually brought against the Breckinridge County government. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that

3

policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Plaintiff alleges that he has had to use the same spoon from October 2009, until the present, without it being sent to the kitchen to be washed at 180 degrees. He further alleges that this lack of cleanliness has caused him vomiting and diarrhea from bacteria on the spoon. Reading Plaintiff's complaint liberally, it appears that Plaintiff has alleged that there is a municipal policy or custom that has caused him a constitutional deprivation. *See Parrish v. Johnson*, 800 F.2d 600, 609 (6th Cir. 1986) ("In concrete terms, the Eighth Amendment protects prisoners from being severely beaten, intentionally denied medical care for serious medical needs, recklessly subjected to violent attacks or sexual assaults, and denied 'the basic elements of hygiene.'" (citations omitted)).[1] The Court will therefore allow this claim to proceed. *See Monell*, 436 U.S. at 691.

Plaintiff has not alleged the existence of policy or custom that is a moving force behind the remainder of the alleged constitutional violations. Therefore, Plaintiff's other official-

---

[1] Pretrial detainees such as Plaintiff are not protected by the Eighth Amendment. Instead, their treatment is evaluated under the Fourteenth Amendment; however, "[P]retrial detainees, who have not been convicted of any crimes, retain at least those constitutional rights that we have held are enjoyed by convicted prisoners." *Bell v. Wolfish*, 441U.S. 520, 545 (1979); *Watkins v. City of Battle Creek*, 273 F.3d 682, 685-86 (6th Cir. 2001).

capacity claims will be dismissed.

**B.      Individual-capacity claims**

*Strip-search claim*

Plaintiff simply alleges that he was strip-searched while he was in lockdown. However, he claims no physical injury. The law has long been that "a violation of a federally secured right is remediable in damages only upon proof that the violation proximately caused injury." *Horn by Parks v. Madison County Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994); *see also Memphis Cmty. School Dist. v. Stachura*, 477 U.S. 299, 305-08 (1986). In addition to the legal requirement of an "injury" in case law historically, Congress acted to further limit prisoner suits to only a specific kind of injury. Under the Prison Litigation Reform Act, lawsuits brought by institutionalized persons requires a "physical" injury in order to permit recovery: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). *See also Roden v. Sowders*, 84 F. App'x 611, 614 (6th Cir. 2003) (stating in dicta, "In any event, even if this conduct [strip search of male prisoner who allegedly was laughed at by female guard while he was naked] could be deemed cruel and unusual punishment, it is doubtful that recovery of damages can be had absent a showing of physical injury."); *Black v. Franklin County, Ky.*, No. Civ. A. 3:05-18-JMH, 2005 WL 1993445, at *6 (E.D. Ky. Aug. 16, 2005) (court found that plaintiff offered no authority for not applying Section 1997e(e) to his strip-search claim and dismissed the claim for the prisoner's failure to allege physical injury).

Moreover, in interpreting this statute against prisoners' complaints, courts have required

5

that the injury be more than *de minimus*. *See*, *e.g.*, *Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997) (sore bruised ear, lasting for three days, was *de minimis* and not the requisite "physical injury"); *Zehner v. Trigg*, 952 F. Supp. 1318, 1327 (S.D. Ind. 1997) (holding no physical injury from asbestos in the air requires dismissal, without prejudice to plaintiff's right to later satisfy the physical injury requirement). Plaintiff alleges no physical injury at all. Therefore, his federal claim related to the strip search is barred.

### *Claim regarding access to attorney while on lockdown*

According to the complaint, Plaintiff was on lockdown for seven days. He asserts that while he was on lockdown he asked for a stamped envelope out of his property so that he could make a complaint to send to his attorney about the Breckinridge County Jail, but he was denied. He also states that he asked to make a phone call to his attorney, but was denied which hindered his ability to make a complaint against the Breckinridge County Jail.

Plaintiff was only in lockdown for seven days and the complaint he wanted to make was against the jail. He does not allege that his ability to conduct his criminal defense was impaired. "In order to state a claim for interference with access to the courts, . . . a plaintiff must show actual injury." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc) (noting that "the requirement that an inmate show 'actual injury' derives from the constitutional principle of standing")). "Meaningful access to the courts is the touchstone." *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (internal citations omitted). The inmate therefore must go one step further and demonstrate that the alleged denial of access to his attorney hindered his efforts to pursue a legal claim. "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to

6

file a complaint, and missing a court-imposed deadline." *Harbin-Bey*, 420 F.3d at 578. Here, Plaintiff fails to allege that Defendants' failure to allow him to call his attorney or have a stamped envelope actually caused him injury or prevented him from meaningfully accessing the court. As such, the Court must dismiss this claim concerning Plaintiff's access to his attorney for failure to state a claim upon which relief may be granted.

### *Claim regarding access to mail while on lockdown*

Plaintiff also states that he asked to have his mail everyday from January 8th to the 14th but was denied. A copy of a grievance Plaintiff attaches to his complaint indicates that it was Defendant Wheatley who would not let him have his mail. "While some curtailment of an inmate's right to correspond may be necessary for the proper administration of the prison system, a total ban on sending and receiving mail by a prison or jail is a violation of First Amendment rights still retained by prisoners." *Wheeler v. Knight*, Civil Action No. 1:07CV-P35-R, 2007 WL 2407250, at *2 (W.D. Ky. Aug. 17, 2007) (citing *Preston v. Cowan*, 369 F. Supp. 14, 23 (W.D. Ky. 1973), *aff'd in part and vacated in part on other grounds*, 506 F.2d 288 (6th Cir. 1974)). The Court will allow this claim to proceed for further development against Defendant Wheatley in his individual capacity.

### *Medication claims*

Plaintiff alleges that in February 2010 his medication was cut in half to wean him off of oxycotin even though the label states the medication must be taken whole. He further alleges: "they wouldn't let me continue to take my medication, pain oxycodone, nerve xanax, taken off depression zoloft, because I was sick one morning and didn't take my meds that the guards pass out and found them on the box." He states that his medications were "taken by Dr. Bernard

7

Daily." An exhibit to his complaint states: "My medicine was taken – and I had a seizure on November 6, 2009." The Court will allow the claim regarding medication to continue as to Defendant Daily.

### III. **CONCLUSION**

For the foregoing reasons, the Court will, by separate Order, dismiss all of the official-capacity claims, except Plaintiff's claim related to the dirty spoon. The Court will also dismiss Plaintiff's claims regarding the strip search and access to his attorney while in lockdown. The Court will enter a Scheduling Order to govern the development of the remainder of Plaintiff's claims, *i.e.*, Plaintiff's official-capacity claim regarding the dirty spoon, the individual-capacity claim against Defendant Wheatley regarding access to his mail, and his claim regarding medication against Defendant Daily in his individual capacity. In allowing these claims to continue, the Court makes no judgment as to the ultimate merit of these claims.

Date:

cc: Plaintiff, *pro se*
      Defendants
      Breckinridge County Attorney
4411.009